UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| Shenzhen Jing Cheng DianZi Keji YanFa Co. Ltd., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> Spectrum Products LLC d/b/a Eureka Air, ) <br> ) <br> Defendant. ) | Case No. 26-cv-____ <br><br> JURY TRIAL DEMANDED |

## VERIFIED COMPLAINT

COMES NOW Plaintiff Shenzhen Jing Cheng DianZi Keji YanFa Co. Ltd. ("Plaintiff"), by and through undersigned counsel, to submit the following for its Complaint against Defendant Spectrum Products LLC (d/b/a Eureka Air) ("Defendant").

## NATURE OF THE ACTION

1. This is a civil action arising under the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq. and the Patent Laws of the United States, 35 U.S.C. § 1 et seq. for declaratory judgment of non-infringement and invalidity of U.S. Patent Number 12,000,616 ("the '616 Patent") (attached as Exhibit A).

2. Plaintiff brings this declaratory judgment action in view of the actual controversy that Defendant has created by asserting the '616 Patent against Plaintiff's products through the filing of intellectual property complaints alleging patent infringement with Amazon.com, thereby facilitating the takedown of Plaintiff's products and causing harm to Plaintiff by inhibiting its ability to sell its products to customers within the United States.

## THE PARTIES

3.  Plaintiff is a Chinese corporation with a principal place of business at Room 622, No. 1022, Jincheng Road, Heyi Community, Shajing Sub-district, Bao'an District, Shenzhen City, Guangdong Province, China.

4.  On information and belief, Defendant Spectrum Products LLC is an Arizona Limited Liability Company with a principal place of business at 1908 W. Nopal Circle, Mesa, Arizona 85202.

## JURISDICTION AND VENUE

5.  The Court has subject matter jurisdiction over the patent claims in this action under the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., and under 28 U.S.C. §§ 1331 and 1338(a) because the action arises under the patent laws of the United States, Title 35 U.S.C. § 1 et seq.

6.  Upon information and belief, Defendant is a resident of and maintains a principal place of business within this District. As such, venue is proper under 28 U.S.C. § 1391(b)(1).

7.  This Court may properly exercise personal jurisdiction over Defendant at least because Defendant is physically present and maintains a principal place of business within this District.

## STATEMENT OF FACTS

### *The Patent-in-Suit*

8.  The '616 Patent, entitled "Air deflector system," issued on June 4, 2024. Attached as Exhibit A is a true and correct copy of the '616 Patent.

9.  The '616 Patent claims priority to U.S. Patent No. 11,703,250, which in turn has a priority date of March 9, 2021.

10. Defendant is the sole Assignee and Applicant listed on the face of the '616 Patent, and no assignments have been recorded with the United States Patent and Trademark Office. As such, upon information and belief, Defendant owns all right, title, and interest in the '616 Patent.

*Plaintiff's Accused Products*

11. Until recently, Plaintiff sold airflow deflection devices ("Plaintiff's Products") through its webstore, KOHUIPU, on Amazon.com ("Amazon"). Generally, Plaintiff's Products are used by placing them over an air vent in order to redirect the flow of air emanating therefrom.

12. Plaintiff sold its products in bundles of varying quantity, including bundles of two under Amazon Standard Identification Number (ASIN) B0B5RJPMCS, bundles of three under ASIN B0C7QXCLTY, and bundles of four under ASIN B0B28YP22V. An illustrative product image drawn from Plaintiff's listing under ASIN B0B5RJPMCS is reproduced below:



13. On December 11, 2025, Plaintiff received correspondence from Amazon notifying it that its product under all three of the above-listed ASINs had been removed due to an intellectual property complaint filed by Defendant asserting its alleged rights in the '616 Patent.

14. As of the date of the notice, Amazon had 380 of Plaintiff's three-item bundles, 1,314 of Plaintiff's two-item bundles, and 610 of Plaintiff's four-item bundles on hand. Amazon has indicated that if the restraint on Plaintiff's products is not resolved, it will remove (i.e., destroy), those items on February 9, 2026.

15. At the time of filing, none of Plaintiff's listings have been reinstated.

16. Defendant's actions have tarnished Plaintiff's reputation, caused Plaintiff to lose profit, and have placed a high volume of Plaintiff's Products at risk of destruction by Amazon.

### *Plaintiff's Products do not infringe*

17. By way of example, and without limitation, Plaintiff's Products do not infringe any claim of the '616 Patent because they plainly lack at least one element of each independent claim therein.

18. Claim 1 of the '616 Patent provides as follows:

An air deflector comprising:

> a first sidewall and a second sidewall;
>
> a magnet retainer extending from the first sidewall, the magnet retainer comprising a first retainer wall and a second retainer wall;
>
> a magnet configured to be positioned between the first retainer wall and the second retainer wall, the magnet comprising a largest planar surface and an exposed surface opposite the largest planar surface;
>
> wherein the first retainer wall and the second retainer wall each comprise a ledge configured to directly couple to the magnet;
>
> wherein the exposed surface is configured to form a magnetic bond with and face an external surface when the magnet is coupled between the first retainer wall and the second retainer wall.

*See* Exhibit A at 13.

19.    In the exemplary photo below, which is a screenshot captured from Plaintiff's product video associated with ASIN B0B5RJPMCS,[1] Plaintiff's Products clearly lack the required element of a "magnet comprising a largest planar surface and an <u>exposed surface opposite the largest planar surface</u>" as contemplated by Claim 1 (emphasis added). Instead, as depicted below, the exposed surface is perpendicular to the largest planar surface. As such, Plaintiff's Products do not infringe Claim 1 or any claim that depends therefrom (i.e., Claims 2-9).



20.    Independent Claims 10 similarly requires that the magnet "comprises a largest planar surface <u>and an exposed surface opposite the largest planar surface</u>[.]" Exhibit A at 14 (emphasis added). As discussed above regarding Claim 1, Plaintiff's Products do not include this feature, and they therefore do not infringe Claim 10 or any claim that depends therefrom (i.e., Claims 11-14).

---

[1] Available at https://www.amazon.ca/Adjustable-Magnetic-Deflector-Sidewall-Registers/dp/B0B5RJPMCS. Last accessed January 16, 2026.

21.     Finally, Independent Claim 15, which together with Claim 1 and Claim 10 account for all independent claims in the '616 Patent, requires a "first magnet retainer [] configured to secure a magnet in an orientation <u>having a largest planar surface opposite an exposed surface</u>, the exposed surface configured to contact a vent grille and secure the air deflector to the vent grille" (emphasis added). Because this claim, too, requires that the magnet have an exposed surface opposite the largest planar surface of the magnet, and because Plaintiff's Products do not have this feature, Plaintiff's Products clearly do not infringe Claim 15 or any claim that depends therefrom (i.e., Claims 16-20).

22.     Without infringement of an independent claim, there can be no finding of infringement. *See Monsanto Co. v. Syngenta Seeds, Inc.*, 503 F.3d 1352, 1359 (Fed. Cir. 2007) (if there is no infringement of an independent claim, there can be no infringement of a dependent claim). Because Plaintiff's Products do not infringe the independent claims within the '616 Patent for at least the reasons set forth above, Plaintiff's Products cannot be found to infringe the '616 Patent as a whole.

### *The '616 Patent is invalid as anticipated*

23.     If Defendant asserts that the scope of the '616 Patent is so broad as to capture Plaintiff's Products, then the '616 Patent is plainly invalid as anticipated because the subject matter Defendant claims in the '616 Patent was publicly available long before its priority date of March 9, 2021.

24.     For example, and without limitation, the Home Intuition Heat and Air Vent Deflector, currently sold on Amazon under ASIN B0714QP65Y,[2] has been publicly available on

---

[2] Available at https://www.amazon.com/Home-Intuition-Adjustable-Deflector-Registers/dp/B0714QP65Y?th=1.
Last accessed January 16, 2026.

6

that platform since at least as early as June 13, 2018.[3] An exemplary product image drawn from the B0714QP65Y listing is reproduced below:



25. Another example may be found in the Frost King Unbreakable Heat and Air Deflector, which is currently listed on Amazon under ASIN B00009W3G7[4] and has been publicly available under that ASIN since at least as early as March 27, 2012.[5] An exemplary image of the Frost King Unbreakable Heat and Air Deflector is reproduced below:

---

[3] *See* https://keepa.com/#!product/1-B0714QP65Y.
[4] Available at https://www.amazon.com/Frost-King-Deflector-Unbreakable-Adjustable/dp/B00009W3G7/. Last accessed January 16, 2026.
[5] *See* https://keepa.com/#!product/1-B00009W3G7.



26. Like Plaintiff's Products and the Home Intuition Heat and Air Vent Deflector, the Frost King Unbreakable Heat and Air Deflector is an extendable airflow deflector that is magnetically attachable to metal air vents. Like Plaintiff's Products and the Home Intuition Heat and Air Vent Deflector, the Frost King Unbreakable Heat and Air Deflector comprises magnets having largest planar surfaces that are not oriented opposite the exposed sides of the magnet.

27. Plaintiff's Products are functionally and structurally identical in all relevant respects to the Home Intuition Heat and Air Vent Deflector and the Frost King Unbreakable Heat and Air Deflector, both of which predate the priority date of the '616 Patent by more than a year.

28. If the scope of the '616 Patent is broad enough to encompass Plaintiff's Products, then it also improperly encompasses the Home Intuition Heat and Air Vent Deflector and the Frost King Unbreakable Heat and Air Deflector. If that is the case, then the subject matter of the '616 Patent was publicly disclosed long before the '616 Patent's priority date, and the '616 Patent is invalid as anticipated by previous public disclosures.

29. If the claims of the '616 Patent do not encompass the Home Intuition Heat and Air Vent Deflector and the Frost King Unbreakable Heat and Air Deflector, then they also do not encompass Plaintiff's Products and Plaintiff's Products therefore do not infringe the '616 Patent.

## COUNT I
### Declaratory Judgment of Non-Infringement
*28 U.S.C. § 2201 et seq.*

30. The allegations set forth in each of the foregoing paragraphs are incorporated by reference as if fully set forth herein.

31. Because Defendant has asserted the '616 Patent against Plaintiff's Products, thereby facilitating their removal from Amazon.com, an actual case or controversy exists sufficient to support jurisdiction under the Declaratory Judgment Act.

32. Because, for at least the reasons set forth above, Plaintiff's Products lack certain elements required by each and every claim within the '616 Patent, Plaintiff's Products plainly do not infringe.

## COUNT II
### Declaratory Judgment of Invalidity – Anticipation
*35 U.S.C. § 102; 28 U.S.C. § 2201 et seq.*

33. The allegations set forth in each of the foregoing paragraphs are incorporated by reference as if fully set forth herein.

34. For the reasons set forth above, if Plaintiff's Products are found to fall within the scope of the claims of the '616 Patent, then the scope of the '616 Patent also encompass the prior art identified by Plaintiff herein that was available as early as March 27, 2012.

35. If the subject matter claimed in the '616 Patent was publicly disclosed before the '616 Patent's priority date of March 9, 2021, then the '616 Patent is invalid as anticipated.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks this Court to grant the following relief:

a. A declaration that the '616 Patent is invalid as anticipated;

b. A declaration that Plaintiff's Products do not infringe the '616 Patent;

c. Award Plaintiff a permanent injunction enjoining Defendant from asserting the '616 Patent against Plaintiff's Products;

d. Award Plaintiff its reasonable attorney fees if this Court finds that this case is an "exceptional case" under 35 U.S.C. § 285; and

e. Any further relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff requests a trial by jury under Rule 38 of the Federal Rules of Civil Procedure of all issues that may be determined by a jury.

<div style="display: flex; justify-content: space-between;">
Dated: January 21, 2026

Respectfully Submitted,
</div>

/s/ *[signature]*
Allen Justin Poplin (*pro hac vice*)
**AVEK IP, LLC**
7285 W. 132nd Street, Suite 340
Overland Park, KS 66213
Phone: 913.303.3841
jpoplin@avekip.com
*Attorney for Plaintiff*

## **VERIFICATION**

I, Chen Jian Cheng, hereby declare and state that:

1. I am the legal representative of Shenzhen Jing Cheng DianZi Keji YanFa Co. Ltd. ("Plaintiff") and I am authorized to make this verification on Plaintiff's behalf.

2. I have read the foregoing Verified Complaint and, based on my personal knowledge and my knowledge of information reported to me by my colleagues and subordinates, the factual allegations contained in the foregoing Verified Complaint are true.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: January 20, 2026

_Chen jian cheng_
Chen Jian Cheng